**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABU KHALID ABDUL-LATIF, AKA Joseph Anthony Davis, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 23-71 <br><br> D.C. No. 2:11-cr-00228-JLR <br><br> MEMORANDUM[*] |

Application to File Second or Successive Petition
Under 28 U.S.C. §

Argued and Submitted November 15, 2023
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BENNETT, District
Judge.[**]

In December 2012, Applicant Abu Khalid Abdul-Latif pled guilty to

conspiracy to murder officers and employees of the United States and conspiracy

to use weapons of mass destruction. His conviction stems from his involvement in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States Senior District
Judge for the District of Maryland, sitting by designation.

a June 2011 plot to attack a military building in Seattle—a plot which involved Abdul-Latif, his codefendant Walli Mujahidh, and Abdul-Latif's friend Robert Childs, who, unbeknownst to Abdul-Latif and his codefendant, was working as a government informant during the course of the conspiracy. Abdul-Latif seeks to file a successive petition under 28 U.S.C. § 2255, based on a declaration from Childs that Abdul-Latif says is newly discovered evidence (1) showing that his guilty plea was made unknowingly and (2) supporting his entrapment defense.

Abdul-Latif does not contend that any claim in his proposed successive § 2255 motion is based on a new rule of constitutional law, thus this Court may authorize his successive § 2255 motion only if it makes a prima facie showing that it relies on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1); 28 U.S.C. § 2244(b)(3).

1. Even if Childs's new statements would help Abdul-Latif prove that he pled guilty without knowledge of all relevant facts, this "newly discovered evidence" does not demonstrate that he was factually innocent of his underlying convictions. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (explaining that "'actual innocence' means factual innocence, not mere legal insufficiency"). Even if Childs's new statements would support Abdul-Latif's entrapment defense,

the new evidence, alone, is not capable of proving entrapment by clear and convincing evidence. Contrary to Abdul-Latif's contentions, Childs's opinion that Abdul-Latif lacked the predisposition to commit the crime is insufficient, when viewed in light of the evidence as a whole, to make a prima facie showing that Abdul-Latif could establish by clear and convincing evidence that no reasonable factfinder would have found Abdul-Latif guilty of the offense, particularly in light of the extensive evidence of predisposition. 28 U.S.C. § 2255(h)(1). Assuming arguendo that a defense of entrapment could, if adequately proven, establish a showing of actual innocence, Childs's declaration does not support such a contention. As such, Abdul-Latif cannot satisfy the criteria of 28 U.S.C. § 2255(h)(1).

Because Abdul-Latif fails to satisfy § 2255(h)(1)'s actual innocence requirement, we deny his application to file a second or successive petition. 28 U.S.C. § 2255(h); *Jones v. Hendrix*, 599 U.S. 465, 477 (2023) ("In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed.").

No further filings will be entertained in this case.

**APPLICATION DENIED.**